IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| H.M., J.P., A.L., K.T., J.G., C.L.,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>Defendants. | Civil Action No. 4:26-CV-536-O |

**DEFENDANT UNITED STATES OF AMERICA'S UNOPPOSED MOTION TO STAY**

Due to an ongoing parallel federal criminal investigation involving one of the correctional officers sued in this case, Defendant United States of America respectfully requests a 90-day stay to permit the criminal investigation to conclude.

**PROCEDURAL BACKGROUND**

On November 26, 2025, six female plaintiffs filed an original complaint in the District of Columbia raising six claims against the United States under the Federal Torts Claims Act and one claim under the Trafficking Victims Protection Reauthorization Act (TVPA). These claims arose from alleged sexual abuse committed by a correctional officer while Plaintiffs were incarcerated at FMC Carswell between 2020 and 2024. After the United States obtained a venue transfer to the Northern District of Texas, Plaintiffs amended their complaint. The amended complaint abandoned the TVPA claim, re-urged four federal tort claims against the United States, and added six state-law tort claims against the correctional officer and five former wardens and associate wardens who all served at FMC Carswell during the relevant timeframe. By order of this Court, the United States's response to Plaintiff's amended complaint is due on or before September 29, 2026. [Doc.17].

## MOTION TO STAY FACTORS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). So long as they weigh the competing interests involved, district courts have the inherent power to control their own docket by staying any proceedings before it. *See Alcala v. Texas Webb Cnty.*, 625 F. Supp.2d 391, 397 (S.D. Tex. 2009) (when determining whether to grant a stay "a court must measure the relative weights of competing constitutional and procedural interests."). A ruling on a motion to stay is therefore reviewed for abuse of discretion. *Carder v. Cont'l Airlines, Inc.*, 595 F. App'x 293, 300 (5th Cir. 2014).

In determining whether to grant a stay in a civil proceeding pending the completion of a parallel criminal proceeding, Texas district courts have weighed the following six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, including whether the defendant has been indicted, (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay, (4) the private interests of and burden on the defendant, (5) the interests of the courts, and (6) the public interest. *Rodriguez v. Enertis Solar, Inc.*, No. 2:25-CV-090-BR, 2025 WL 2098751, at *2 (N.D. Tex. July 25, 2025) (Reno, M.J.) (citing *Heller Healthcare Fin., Inc. v. Boyes*, No. 3-CV-1335-D, 2002 WL 1558337, at *2 (N.D.Tex. July 15, 2002) (Fitzwater, J.).

## ARGUMENT & AUTHORITIES

Whether the criminal case and civil cases overlap is the "most important factor" in the analysis. *Boyes* at *2. The United States Attorney's Office for the Northern District of Texas, together with the Department of Justice's Office of the Inspector General are currently

investigating allegations involving the same correctional officer sued in this civil proceeding. The investigation began after Plaintiffs made a report to the Bureau of Prisons, and therefore the criminal investigation substantially overlaps with conduct alleged in Plaintiffs' civil complaint. While investigators have interviewed numerous witnesses and alleged victims in compliance with the government's obligations under the Crime Victims' Rights Act, the criminal investigation remains incomplete. As there is no dispute that both this civil action and criminal investigation concern the same correctional officer and allegations of sexual abuse of female inmates, including Plaintiffs, this factor weighs heavily in favor of a stay.

The second factor also weighs in favor of the stay. Even though the pending criminal investigation has not yet resulted in an indictment, courts have held that a criminal investigation by itself is sufficient to justify a stay due to Fifth Amendment concerns. *See Wehling v. Columbia Broad Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (district court abused its discretion in denying a stay of civil proceedings while grand jury investigation was ongoing and party invoked constitutional right to remain silent during civil discovery); *see e.g. Sec. & Exch. Comm'n. v. Mutuals.com, Inc.*, No. CIV.A.3:03-CV-2912-D, 2004 WL 1629929, at *4 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (granting the government's motion to stay civil action pending the conclusion of criminal case even though district court was unaware of whether defendants had been indicted.).

The third factor requires district courts to weigh "the private interests of the plaintiff in proceeding expeditiously against the prejudice that will be caused by the delay that will result from the stay." *Mutuals.com, Inc.*, 2004 WL 1629929, at *3. "Normally, in evaluating the plaintiff's burden resulting from a stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Whitney Nat. Bank v. Air Ambulance ex. Rel. B & C Flight Mgmt., Inc.*, No. H-04-2220, 2007 WL 1468417, at *3 (S.D. Tex. May 18,

2007) (Rosenthal, J.) (cleaned up). Here, however, Plaintiffs do not oppose a stay and thus they make no argument that the stay will impermissibly prejudice their interests.[1]

"The fourth factor to be considered is the private interests of the defendants in opposing the stay and the burden that would result if the stay is granted." *US Sec. & Exch. Comm'n v. Offill*, No. 3:22-CV-121-N-BH, 2022 WL 17742624, at *4 (N.D. Tex. Dec. 16, 2022) (Ramirez, M.J.). Here, the United States, a defendant, is seeking the stay and without a stay, the remaining defendants may need to rely on documents, witnesses, and testimony to defend themselves in the civil action that will likely overlap with the government's criminal investigation of the correctional officer. *See e,g, Davis v. United States,* No. 20-CV-01348-CMA-NYW, 2020 WL 6206292, at *4 (D. Colo. Sept. 28, 2020) (Wang, M.J.). Requiring the Department of Justice to conduct the criminal investigation of the correctional officer while simultaneously defending against a civil action related to his alleged conduct "poses a litany of problems related to discovery and disclosures" and may interfere with the government's criminal investigation. *See id.* As for the individual correctional officer who is the subject of the criminal investigation, he may be forced to choose "between asserting the Fifth Amendment privilege and fulfilling [his] legal obligations [as a witness] in this civil action." *See Offill* at *4 (citing *Librado v. M.S. Carriers, Inc*., No. 3:02-CV-2095D, 2002 WL 31495988 at *3 (N.D. Tex. Nov. 5, 2002) (Fitzwater, J.). "This conflict may be largely, if not completely, eliminated by granting a stay." *Id.*

Under the fifth factor, the Court's interests are also considered when determining whether to stay an action. *Offill*, 2022 WL 17742624, at *4. Although courts have an interest in moving "matters expeditiously through the judicial system," staying a civil action during the pendency of a criminal investigation typically "advances judicial economy," *see id.*, by avoiding numerous

[1] The United States reserves the right to request an additional stay if needed.

rulings the Court would likely be required to make "regarding potential discovery disputes involving issues that may affect the criminal case," *Shaw v. Hardberger*, No. SA-06-CA-751-XR, 2007 WL 1465850, at *2 (W.D. Tex. May 16, 2007) (Rodriguez, J.); *see also Davis*, 2020 WL 6206292, at *5 ("Administrative closure or stay of this action. . . will avoid using limited court resources to navigate complicated issues that will likely arise in the context of the balancing the Parties' competing interest during discovery."). Therefore, the fifth factor favors a stay.

The sixth and final factor is the public interest. "[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Shaw* at *2 (citing *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)); *accord Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (holding that in evaluating a stay of a civil suit pending a criminal matter, "[a]dministrative policy gives priority to the public interests of law enforcement."). "There is an important public interest in criminal prosecutions unimpeded by concerns that may arise in discovery in a related civil case." *Whitney Nat. Bank*, 2007 WL 1468417, at *4. Thus, the sixth factor likewise weighs in favor of a stay.

**REQUEST FOR RELIEF**

For these reasons, the United States requests that the Court enter an order granting a 90-day stay in this civil case to allow time for a parallel criminal investigation to conclude.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Ann Marie Jordan*
Ann ("Ana") Marie Jordan
Assistant United States Attorney
Texas Bar No. 00790748
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
E-mail: ana.jordan@usdoj.gov

*Attorneys for the United States*

**CERTIFICATE OF CONFERENCE**

On September 17, 2026, I conferred with counsel for Plaintiffs via email. Plaintiffs are unopposed to the relief requested. As of the date of this filing, there is no counsel of record listed for the correctional officer that is the subject of the criminal investigation, and so no conference with him was attempted. With respect to the remaining defendants, Michael Carr, Michael Smith, Tyal Rule, Jonathan Clark, and Raul Campos, none have entered an appearance yet. The United States anticipates substituting itself for the latter five defendants pursuant to the Westfall Act, at which point claims against them would be construed as claims against the United States.

*s/ Ann Marie Jordan*
Ann ("Ana") Marie Jordan
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

On September 18, 2026, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all attorneys of record electronically.

*s/ Ann Marie Jordan*
Ann ("Ana") Marie Jordan
Assistant United States Attorney